IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY GADSON, SR.,
    Plaintiff,

vs.                                     5:08cv107/RS/MD

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY
WALTER A. McNEIL,
    Defendant.

---

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's amended civil rights complaint (doc. 12). Leave to proceed *in forma pauperis* has been granted and no initial partial filing fee was assessed.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  See *Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.))  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("DOC"), currently housed at Charlotte Correctional Institution.  He names DOC Secretary Walter A. McNeil as the lone defendant in this action.  Plaintiff alleges that his civil rights

were violated when, during an eleven week period spanning from January 30, 2008 to April 16, 2008, he was unable to make social phone calls every seven days, was denied five days of access to television, was denied adequate access to recreation time, was denied access to the canteen to make purchases,[1] was denied contact visits, cell front tutoring and reading material.  He claims his rights were violated because he was treated substantially differently from other inmates in close management, and seeks $100,000 in damages.

Title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Section 1997e(e) applies to all claims.  See *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury).  Absent any showing of injury, actions for declaratory or injunctive relief or nominal damages may be permissible. *See e.g. Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA);[2] *Harris v. Garner,* 216 F.3d 970, 987 n.5 (11th Cir. 2000) (section 1997e(e) only precludes prisoners from bringing actions for compensatory and punitive damages; it does not apply to actions for declaratory or injunctive relief).  A litigant is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensable injury. *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003)*; Slicker v. Jackson*, 215 F.2d 1225, 1232 (11th Cir. 2000); *Amato v. City of Saratoga Springs, N.Y.,* 170 F.3d 311, 317 (2nd Cir. 1999); *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042,

---

[1] The court notes that supporting documentation attached to plaintiff's *in forma pauperis* motion (doc. 13) reflects that he had no funds in his inmate account so it does not appear he would have been able to make any canteen purchases for financial reasons.

[2] The case cited for the proposition that punitive damages are precluded under the PLRA does not mention punitive damages. *Napier v. Preslicka,* 314 F.3d 528 (11th Cir. 2002).  At least one Eleventh Circuit case has noted the issue of punitive damages to be unresolved in this circuit.  See *Boxer X v. Donald*, 169 Fed.Appx. 555, 558 n.1 (11th Cir. 2006)

1054, 55 L.Ed.2d 252 (1978). These damages ordinarily do not exceed $1.00. *Carey v. Piphus, supra.* Thus, plaintiff's claim for monetary damages cannot survive under the allegations in this case.

As noted above, the only defendant named in this action is DOC Secretary McNeil who had no direct or personal contact with the plaintiff. Plaintiff asserts merely that Secretary McNeil is responsible for ensuring that the plaintiff be provided with the privileges outlined above. *Respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne, 326* F.3d 1352, 1360 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, 325 F.3d at 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dept. of Labor & and Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone,* 326 F.3d at 1360-1361 (quoting *Gonzalez*, 325 F.3d at 1234). Plaintiff has not met this rigorous standard in establishing Secretary McNeil's liability under § 1983.

Even if defendant McNeil could somehow be held accountable for plaintiff's alleged

mistreatment, plaintiff has failed to show a constitutional violation in the way he was treated.  To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.  *Sweet v. Secretary, Dept. Of Corrections,* 467 F.3d 1311 (11th Cir. 2006) (citing *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)). Plaintiff did not set forth any such facts in support of his allegations. Even a liberal interpretation of this pro se pleading does not reveal any factual basis for an equal protection claim.   See *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001).

Finally, to the extent plaintiff might seek to bring his claim under the Eighth Amendment, it must fail.  Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).  As the Supreme Court stated in *Rhodes*, "the Constitution does not mandate comfortable prisons, and prisons ... which house persons convicted of serious crimes, can not be free of discomfort." *Id.* at 349, 101 S.Ct. at 2400.  Moreover, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347, 101 S.Ct. at 2399; *Chandler v. Crosby*, 379 F.3d 1278, 1288-89 (11th Cir. 2004).  Plaintiff's distress over not having access to television or individual exercise time does not rise to the level of a constitutional violation, and is borderline frivolous when considered in conjunction with prevailing legal norms.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 3rd day of June, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:08cv107/RS/MD*